UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VAQUERIA TRES MONJITAS, INC. and SUIZA DAIRY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JAVIER RIVERA AQUINO, in his official capacity, as the Secretary of the Department of Agriculture for the Commonwealth of Puerto Rico, and CYNDIA E. IRIZARRY, in his official capacity, as Administrator of the Office of the Milk Industry Regulatory Administration for the Commonwealth of Puerto Rico,<br><br>Defendants. | Civil No. 04-1840 (DRD) |

**ORDER CLARIFYING ORDER TO SHOW CAUSE (DOCKET NO. 1791)**

The Court's *Order to Show Cause* of December 21, 2010, Docket No. 1791, directed to the Administrator of the Office of the Milk Industry Regulatory Administration for the Commonwealth of Puerto Rico (hereinafter referred to as "ORIL"), has caused some confusion amongst counsel that did not participate in the multi-party telephone conference that triggered said *Order*.

The Court briefly explains and clarifies that the Puerto Rico Dairy Farmers Association (collectively referred to as "PRDFA" or "dairy farmers" or "farmers") filed an injunctive relief request on behalf of all the dairy farmers alleging that ORIL through defendant Cyndia E. Irizarry Casiano had engaged in egregious practices in her official capacity, which conduct violated due process, equal protection and/or amounted to a taking of property in violation of due process. In synthesis, the dairy farmers allege that the price cost of cattle feed, the cost of medicine of said cattle, the cost of electricity, and fuel used by the dairy farmers in the production of raw milk have all increased, and that ORIL's Administrator had refused to implement the automatic adjustments in place, as provided by Regulation No. 12 of July 22, 2008, causing farmers irreparable harm, constitutional violations, and a significant number of bankruptcy filings.

The allegations of the dairy farmers are basically the same as the industrial milk processors, in the instant case, to wit, plaintiffs, Vaquería Tres Monjitas and Suiza Dairy. In the instant case, the PRDFA, based on the case of *Tenoco Oil Co. Inc. v. Department of Consumer Affairs*, 876 F.2d 1013, 1021-1025 (1st Cir. 1989), alleges due process violations founded on "arbitrary, discriminatory ... or irrelevant policies of the [Administrator]" and/or the implementing of prices to the regulated industries, [the farmers] "below just and reasonable levels" constituting also a confiscation of "plaintiffs property in violation of the takings clause. The PRDFA also rests on the recent opinion issued by the First Circuit in the instant case, that is, *Vaquería Tres Monjitas, Inc., et al. v. Cyndia E. Irizarry, et al.*, 587 F.3d 464, 482-485 (1st Cir. 2009), standing for the proposition that "change in standards, unfettered discretion, use of stale standards, and lack of inappropriate standards as to a fair return [for the dairy farmers, a fair price for milk] in the regulation ... all poin[t] to a taking").

The Court held a telephone conference with all available counsel including counsel for ORIL, as well as counsel for both industrial milk processors and Indulac. *See Minutes* of December 22, 2010, Docket No. 1792. Counsel for ORIL urged the Court to hold its hand and wait for a newly revised milk price order, to be issued by December 30, 2010, under the provisions of Regulation No. 12, as to the dairy farmers. The Court stated that a new price affected all the parties involved in the production of fresh and UHT milk and not merely the dairy farmers, as an increase at the beginning of the production of the milk chain would inevitably cause a change throughout the entire spectrum. The Court understood that the requested injunctive relief was then premature, at this stage of the proceedings, as the issuance of a new price order was imminent. The Court then ordered ORIL to comply with its proffer of issuance of the milk price order, which made premature any potential injunctive relief.

Our *Order to Show Cause* was not based on the Commonwealth agency complying with the milk State law or regulation, but on an order for ORIL to comply with its proffer causing the injunction relief requested by the PRDFA to be premature. Hence, the District Court's *Order* was not a prohibited order

under *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984), but contrariwise constituted an order based on ORIL's proffer that the revised milk regulation, that is, as to Regulation No. 12, made the injunctive relief premature. The *Order* of the Court was not a directive prohibited by the Eleventh Amendment banning a federal court from ordering a State official to comply with its own State law. *See* 465 U.S. at 96-124.[1]

Furthermore, the *Order to Show Cause* does not obligate ORIL to increase or decrease any particular monetary amount regarding the prices as to the milk industry, since we are limited to a finding of a constitutional violation rather than establishing a particular price as to a regulated commodity.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of December, 2010.

s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
U.S. District Judge

---

[1] The doctrine is not of new vintage to the subscribing District Court. *See Cosme-Pérez v. Municipality of Juana Díaz*, 585 F.Supp.2d 229 (D.P.R.2008); *Federación de Maestros de Puerto Rico v. Acevedo-Vilá*, 545 F.Supp.2d 207 (D.P.R.2008); *De Jesús v. American Airlines, Inc.*, 523 F.Supp.2d 345 (D.P.R.2007); *Huertas-González v. University of Puerto Rico*, 520 F.Supp.2d 304 (D.P.R.2007); *López-Quiñonez v. Puerto Rico National Guard*, 488 F.Supp.2d 112 (D.P.R.2007); *Padilla-Román v. Hernández Pérez*, 381 F.Supp.2d 17 (D.P.R.2005); *Bernier-Aponte v. Izquierdo Encarnación*, 196 F.Supp.2d 93 (D.P.R.2002); *Tropical Air Flying Services, Inc. v. Carmen Feliciano de Melecio*, 158 F.Supp.2d 177 (D.P.R.2001); *Feliciano v. Tribunal Supremo de Puerto Rico*, 78 F.Supp.2d 4 (D.P.R.1999); *Guadarrama v. U.S. Dept. Of Housing and Urban Development*, 74 F.Supp.2d 127 (D.P.R. 1999); *Llewellyn-Waters v. University of Puerto Rico*, 56 F.Supp.2d 159 (D.P.R.1999); *Vega-Castro v. Puerto Rico*, 43 F.Supp.2d 186 (D.P.R.1999); *Semaphore Entertainment Group Sports Corp. v. González*, 919 F.Supp. 543 (D.P.R.1996).