UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VAQUERIA TRES MONJITAS, INC. and SUIZA DAIRY, INC.,<br><br>Plaintiffs,<br><br>JAVIER RIVERA AQUINO, in his official capacity, as the Secretary of the Department of Agriculture for the Commonwealth of Puerto Rico, and<br>CYNDIA E. IRIZARRY, in her official capacity, as Administrator of the Office of the Milk Industry Regulatory Administration for the Commonwealth of Puerto Rico,<br><br>Defendants. | Civil No. 04-1840 (DRD)<br><br>Consolidated with 08-2191 (DRD)<br><br>Consolidated with 08-2380 (DRD) |

**OMNIBUS ORDER**

Pending before the Court are several motions, to wit: (a) *Emergency Request For Temporary Restraining Order*[1] filed by the Puerto Rico Dairy Farmers Association ("PRDFA"), Docket No. 1784, and (b) *Motion Partially* [sic] *To Set Aside, Alter Or Amend Dkt. No. 1804* filed by Suiza Dairy, Inc. ("Suiza"), Docket No. 1857.

A.  **PRDFA's *Emergency Request For Temporary Restraining Order*, and related motions**.

The record shows that the Court held a contempt hearing on January 10, 2011, *see Minutes of January 10, 2011*, Docket No. 1821. At that time, counsel for the PRDFA moved the Court for the

---

[1] The docket shows that the *Emergency Request For Temporary Restraining Order*, Docket No. 1784, ensued several motions and orders: (a) *Order Clarifying Order To Show Cause (Docket No. 1791)*, Docket No. 1793; (b) *Order* of December 30, 2010, Docket No. 1800; (c) *Defendants' Motion To Dismiss Injunctive Relief For Failure To State A Claim Pursuant To Fed.R.Civ.P. 12(b)(6)*, Docket No. 1807; (d) *Defendants' Opposition To Motion For Temporary Restraining Order and/or Preliminary Injunction*, Docket No. 1808; (e) *PRDFA's Urgent Motion To Hold The Secretary Of Agriculture And The Administrator Of The Puerto Rico Milk Industry Regulatory Office In Contempt*, Docket No. 1811; (f) *Defendants' Opposition To Motion To Contempt And For Order To Show Cause Why PRDFA's Injunctive Relief Should Not Be Dismissed Immediately*, Docket No. 1812; (g) *Minutes of January 11, 2011*, Docket No. 1819; (h) *Minutes of January 10, 2011*, Docket No. 1821; (i) *PRDFA's Position In Response To Defendants' Motion To Dismiss (Docket No. 1807); Opposition To Motion For Temporary Restraining Order (Docket No. 1808); And, Motion To Vacate Preliminary Injunction Hearing (Docket No. 1810)*, Docket No. 1820; (j) *Minutes of January 14, 2011*, Docket No. 1876; (k) *Order* of January 19, 2011, Docket No. 1841); (l) *Minutes of January 25, 2011*, Docket No. 1899.

imposition of sanctions upon the defendants for failure to issue a new price order on or before December 30, 2010, which was later extended to January 4, 2011, as well as the appointment of a monitor to assure that ORIL complies with the Court's orders, and the pending litigation between PRDFA and the defendants may proceed to trial forthwith. Defendants' counsel moved the Court for an order imposing sanctions, if any, upon the defendants' counsel but not to the defendants in their official capacity. The Court did not impose any sanctions upon the defendants or the defendants' counsel.

The Court, however, informed the parties that the PRDFA case will be consolidated with the main case, that is, Civil No. 04-1840. The preliminary and permanent injunction hearings in the PRDFA's case, that is, Civil No. 08-2191, will be consolidated with the final permanent injunction hearing, and the trial on the merits in Civil No. 04-1840. *See Minutes of January 10, 2011*, Docket No. 1821, page 2. *See also Minutes of May 20, 2010*, Docket No. 1618, wherein the Court specifically advised the PRDFA that "the discovery time table is approved provided that it does not interfere or create a conflict with the course of action to be followed in Civil No. 04-1840 (DRD), which is aimed toward a final disposition of the case through the permanent injunction hearing [the permanent injunction trial]." *Id.* "In sum, in the event of conflict, the course of action in Civil No. 04-1840 (DRD) will take precedence over Civil No. 08-2191 (DRD)." *Id.* Hence, PRDFA's discovery request is not anew to the Court, and the rulings of the Court have been consistent throughout the record.

On January 11, 2011, the Court held a Telephone Conference between all parties, as the Court wished to clarify a concern raised by the defendants at the end of the hearing the day before related to the new price order dated January 10, 2011. The defendants were concerned whether the new price order should stay in effect or whether the new price order should be stayed until further order of the Court. At the Telephone Conference, the defendants informed the Court that the new price would stay in effect, subject to future modifications, if necessary. Furthermore, counsel for the PRDFA informed the Court that the farmers had no objection with the defendants' position, and that the PRDFA was also in agreement with the

decision that the new price order of January 10, 2011 moots the injunctive hearing set for January 12, 2011. *See Minutes of January 11, 2011*, Docket No. 1819. Based upon the agreement reached by the PRDFA and the defendants, the injunction hearing set for January 12, 2011, was vacated and set aside. *Id.* Hence, the *Emergency Request For Temporary Restraining Order* filed by the PRDFA, Docket No. 1784, is adjudged moot.

For the reasons set forth above, the following motions shall be closed as moot: Docket entries No. 1784; 1807; 1810 and 1811.

B.     **Motion Partially [sic] *To Set Aside, Alter Or Amend Dkt. No. 1804*, and related motions**.

On January 3, 2011, the Court entered an *Opinion and Order*, Docket No. 1804. The record shows that the defendants have filed an appeal from our *Opinion and Order*, Docket No. 1804, USCA No. 11-1207. Suiza filed a motion requesting the Court to partially set aside, alter or amend its *Opinion and Order*, Docket No. 1804 (hereinafter referred to as "Suiza's motion for reconsideration"). Suiza's motion triggered the filing of several motions, to wit: (a) *VTM's Partial Opposition To Suiza Dairy Inc's Motion At Docket 1857 To Set Aside Opinion And Order (Docket 1804)*, Docket No. 1879; (b) *Defendants' Opposition To Suiza's Second Motion For Reconsideration*, Docket No. 1880; (c) *Reply To VTM's And Defendants' Oppositions To Suiza's Motion Partially To Set Aside, Alter Or Amend Dkt. No. 1804* filed by Suiza, Docket No. 1888.

The Court notes that the defendants also filed an appeal from the *Opinion and Order*, Docket No. 1804, and "from any and all adverse rulings incorporated in, antecedent to, or ancillary to the *Opinion and Order*, included but not limited to the *Amended Opinion and Order* entered in this action on or about September 22, 2010 (Dkt. No. 1697), as amended by the *Order* of September 23, 2009 [sic] (Dkt. No. 1699), which itself amends an *Opinion and Order* entered in this action on or about September 6, 2010 (Dkt. No. 1693); and from any and all adverse interlocutory orders, judgments, decrees, decisions, rulings and opinions that merged into and became part of the *Opinion and Order*, that are related to the *Opinion and Order*, and upon which the *Opinion and Order* is based." *See* Docket No. 1868. The record further shows

that the defendants nor Suiza have requested to stay the case pending appeal. *See Minutes of March 21, 2011*, Docket No. 1909, and *Minutes of June 2, 2011*, Docket No. 1933.[2]  The Court, however, will only address Suiza's motion for reconsideration, Docket No. 1857, at this time, as well as any related motion.[3]  For the reasons set forth below, Suiza's motion for reconsideration is denied.  The Court briefly explains.

At the outset, the Court finds that Suiza's motion for reconsideration is just "a second bite at the apple," as Suiza's is again requesting a second reconsideration of the Court's *Order* denying the timing of the presentation of evidence as to the School Luncheon Program and the collection of raw milk at the stage of compliance hearings.  The Court is cognizant that both issues, that is, the School Luncheon Program and the collection of raw milk are two separate issues, but may be related.[4]  *See Amended Order* entered on September 5, 2011, Docket No. ____.  Suiza, however, has indicated in prior hearings that the School Luncheon Program is crucial for Suiza, as the School Luncheon Program is the "most productive, the most profitable piece of a market."  *See Transcript* of April 29, 2010, Docket No. 1692, pages 20-21.  Indeed, Suiza described the School Luncheon Program as the "jewel of the crown." *Id.* at page 21:

> MR. ESCALERA: Your Honor, let me ask you this, now you understand why the school luncheon program is the jewel of the crown.  Do you think Ms. Marrero is that stupid in a situation of dire financial straight is going to waive voluntarily the most productive, the most profitable piece of a market?

---

[2]   The Court reminds the parties that it is of the essence, for compliance purposes, that the defendants approve and record the proposed Regulation No. 12, pursuant to the local law.  Notwithstanding, that the Court has reiterated this matter to defendants, the proposed Regulation No. 12 has not been recorded, as of this date.

[3]   The related motions are: (a) *VTM's Partial Opposition To Suiza Dairy Inc's Motion At Docket 1857 To Set Aside Opinion And Order (Docket 1804)*, Docket No. 1879; (b) *Defendants' Opposition To Suiza's Second Motion For Reconsideration*, Docket No. 1880; and, (c) Suiza's *Reply To VTM's And Defendants' Oppositions To Suiza's Motion Partially To Set Aside, Alter Or Amend Dkt. No. 1804*, Docket No. 1888.

[4]   "In denying without prejudice Suiza's motion for partial reconsideration, the Honorable Court goes further and states its "opinion" on a number of factual issues.  That opinion is erroneous and lacks any evidentiary support since no record has been developed on these matters.  In light of the above, Suiza is forced to respectfully request the Honorable Court to set aside and/or amend said statements under Federal Rule 52(a) & (b)."  *See* Docket No. 1857, page 2.

But Suiza apparently forgot that the routes and the School Luncheon Program may be related.  *See* Docket No. 2014, and the analysis therein.

Suiza also alleges that the Court "made certain statements that are inconsistent with the preliminary injunctive relief Suiza respectfully requests for the Honorable Court to either set aside such statements or correct the same, given that they could be construed as an improper amendment of the preliminary injunctive relief affirmed by the Court of Appeals for the First Circuit."  *See* Docket No. 1857, page 3.  It is not the Court's intent to amend the *Injunction Order* in any way or fashion, unless specifically so noted.

As to issues of the School Luncheon Program and the collection of raw milk, the Court refers to the *Amended Order* of September 5, 2011, Docket No. 2014, wherein the Court, once again clarified prior orders upon Suiza's motion for reconsideration, Docket No. 1857.  The Court deems the matter of the School Luncheon Program and the collection of raw milk squarely clear to Suiza and all parties in interest, and the issue of the Special Marketing Fund both of which will also be addressed on the merits at a later stage, that is, the permanent injunction hearing, the trial on the merits.[5]

Suiza further argues that the Court has made inconsistent statements in its *Opinion and Order* of September 22, 2010, Docket No. 1697, as amended by *Order* of September 23, 2010, Docket No. 1699, and *Opinion and Order* of January 3, 2011, Docket No. 1804, as opposed to the Court's findings in the *Injunction Order*, Docket No. 480, and the decision issued by the First Circuit, affirming the *Injunction Order*.  *See* Docket No. 1857, pages 11-12.[6]  In a nutshell, Suiza argues that the Court made a finding of a "potential

---

[5] The Court notes all the arguments presented by Suiza as to the problem that different translations of a certain correspondence may have triggered, and Suiza will have its opportunity in due course to present evidence as to this claim.  However, aside from the semantics of the translations, the core of the issue is that Suiza voluntarily dropped several collection routes of raw milk, at a particular stage of this proceeding.  The Court has not reached any legal conclusion as to this uncontested fact, as Suiza has yet to present evidence on this matter, as well as the defendants and any other party in interest.

[6] "At Dkt. No. 1804, the Court makes certain troubling statements with regards to the regulatory accrual remedy and the takings violations found to be committed by ORIL in connection to Suiza." . . . "In stating that it 'found that the Administrator had incurred in a **potential violation** [emphasis on the original] of the Takings Clause relating to the price structuring of the milk purchased by

taking" regarding ORIL's regulatory scheme based on *Duquesne; Williamson* and *Tenoco,*[7] and now the Court has developed a new and different interpretation of the application of these cases to the instant case. It is "potential" simply because the preliminary injunction's findings do not constitute a final adjudication, they are simply "preliminary"in nature.  *See* discussion *infra*.

The Court disagrees with Suiza's reading and interpretation of the Court's *Opinion and Order* of September 22, 2010, Docket No. 1699, and the *Opinion and Order* of January 3, 2011, Docket No. 1804, based on *Vaquería Tres Monjitas, Inc., et al. v. Irizarry*, 587 F.3d 464, 472-473, 475, 479-480, 482-484, 487-488.  The Court makes reference to 587 F.3d at 483, *Fn*.18:

> Since the Due Process Clause violation is sufficient for the district court's grant of injunctive relief, we see no need to reach the Court's determinations regarding the likelihood of success on the Equal Protection and Takings Clause claims. That we refrain from reaching these issues should not be regarded as a commentary on their relative merits.

The First Circuit further held:

> Ultimately, the district court concluded that the record reasonably supported a finding that defendants failed to meet the standards for rate-making as set out by the Supreme Court and this Circuit. Given the ample evidence of arbitrary and discriminatory regulation, we see no abuse of discretion in the court's determination that plaintiffs have demonstrated a likelihood of success on the claim that defendants' actions constituted a regulatory taking of their property without due process.

587 F.3d at 484.  *See also Aquino v. Suiza Dairy, Inc.*, ___ U.S. ___, 131 S.Ct. 2441, 179 L.Ed.2d 1235

---

> plaintiffs, ... the Court seems to have ignored its own findings as presented in its Amended Opinion and Order Granting Preliminary Injunctive Relief in favor of Suiza, Dkt. No. 480.  There in [sic] the Court found, not that there was a "potential" taking, but that in fact ORIL's actions constituted an **actual taking** [emphasis on the original] of Suiza's property without just compensation, based on the ample evidence presented by Suiza at the preliminary injunction hearings."

But <u>potential</u> is a word used only because a permanent injunctive relief has not been entered.

    [7]    *Duquesne Light Company v. Barasch,* 488 U.S. 299, 307 (1989); *Tenoco Oil Co. v. Department of Consumer Affairs, et al.*, 876 F.2d 1013 (1st Cir. 1989); *Williamson County Regional Planning Com'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985).

(May 16, 2011), affirming *Vaquería Tres Monjitas, Inc., et al. v. Irizarry*, 587 F.3d 464.

Suiza seems to forget that the preliminary injunctive relief order, Docket No. 480, entered by the Court is not yet final. The Court has made a preliminary finding indicating that "likelihood of success" is probable. *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993). But our determination is not final until the permanent injunctive relief is entered. The standards of proof may be different at the preliminary injunctive relief, as opposed to the permanent injunctive trial. *See American Train Dispatchers Department of the International Brotherhood of Locomotive Engineers v. Fort smith Railroad Company*, 121 F.3d 267, 270 (7th Cir. 1997). "Probability of success on the merits" is different to a trial on the merits. Wherein a party prevails on the merits by preponderance of the evidence. But evidence which is received at the preliminary hearing, not contradicted later at trial by credible preponderance of the evidence "need not be repeated at trial." Rule 65(a)(2) of the Federal Rules of Civil Procedure. If the matter were final, then the need for a permanent injunctive relief or "preserv[ation] of a jury trial," would be totally unnecessary.[8]

Lastly, the Court finds that ORIL has not made a final proffer as to the remedy, which the Court may grant, and the proper regulatory accrual.[9] *Albeit* the facts may indicate that the defendants' actions may constitute a regulatory taking of their property without due process, the core of the matter is due process. Moreover, the Court is cognizant that the taking is critical to potentially authorize a retroactive remedy as to the permanent injunctive relief. *See Vaquería Tres Monjitas, Inc., et al. v. Irizarry*, 600 F.3d 1, 2-5 (1st Cir. 2010) (*en banc*). However, the Court notes that both findings **are not final**.

For the reasons set forth above, Suiza's *Motion Partially* [sic] *To Set Aside, Alter Or Amend Dkt. No. 1804*, Docket No. 1857, is denied. The following motions shall be terminated: Docket entries No. 1879; 1880; 1888.

---

[8] The Court notes that no party requested a trial by jury which does not obviate the necessity of a bench trial.

[9] Defendant ORIL questions the legality of a regulatory accrual, which according to the expert Leonardo Giacchino has already been accepted in the United States.

**Conclusion**

In view of the foregoing, it is hereby ORDERED: (a) PRDFA's *Emergency Request For Temporary Restraining Order*, Docket No. 1784, is adjudged as moot;  and, (b) Suiza's *Motion Partially* [sic] *To Set Aside, Alter Or Amend Dkt. No. 1804,* Docket No. 1857, is denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5th day of September, 2011.

s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE