UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VAQUERIA TRES MONJITAS, INC. and SUIZA DAIRY, INC., | |
| Plaintiffs, | Civil No. 04-1840 (DRD) |
| | Consolidated with 08-2191 (DRD) |
| MYRNA COMAS, in his official capacity, as the Secretary of the Department of Agriculture for the Commonwealth of Puerto Rico, and JOSE PANTOJAS, in his official capacity, as Administrator of the Office of the Milk Industry Regulatory Administration for the Commonwealth of Puerto Rico, | Consolidated with 08-2380 (DRD) |
| Defendants. | |

**ORDER AND JUDGMENT**

On October 29, 2013, the parties, Vaquería Tres Monjitas, Inc.; Suiza Dairy, Inc., the Secretary of the Department of Agriculture of the Commonwealth of Puerto Rico (the "Puerto Rico Department of Agriculture"), the Hon. Myrna Comas in her official capacity, and as Acting Administrator of the Office of the Milk Industry Regulatory Administration ("ORIL"), and the Commonwealth of Puerto Rico through the Secretary of Justice of the Commonwealth of Puerto Rico, the Hon. Luis Sánchez Betances filed a *Final Settlement Agreement and Memorandum of Understanding Between the Parties* (the "Settlement Agreement"), *see* Docket No. 2322.

In view of the foregoing, the Court hereby approves and incorporates all the covenants of the Settlement Agreement executed on October 29, 2013, Docket No. 2322, and enters *Judgment* as follows:

1.      All the covenants of the Settlement Agreement executed on October 29, 2013 are incorporated herein.

2.      The Court has original federal jurisdiction in a federal question civil action,  pursuant to 28 U.S.C. § 1331,  and  retains jurisdiction for compliance purposes, as to the terms and conditions of the Settlement Agreement of October 29, 2013 to ensure properly and timely

implementation. *See Ortiz-Bonilla v. Federación de Ajedrez de Puerto Rico, Inc.*, ___ F.3d ___, 2013 WL 4457427 *4 (1st Cir. (Puerto Rico) August 21, 2013).[1]  The Court, hence, shall retain federal jurisdiction to enforce the Settlement Agreement until such time as the Commonwealth of Puerto Rico, the Puerto Rico Department of Agriculture and ORIL, as well as all signatory parties have complied fully and effectively with the Settlement Agreement, and have maintained such compliance for no less than four consecutive years, that is, December 31, 2017.

3.     The Commonwealth of Puerto Rico through the Secretary of Justice, the Puerto Rico Department of Agriculture and ORIL and its highest executives, shall inform their successors as to the terms and conditions of this Settlement Agreement, particularly those economic terms and covenants that may remain to be fulfilled.

4.     The Commonwealth of Puerto Rico, the Puerto Rico Department of Agriculture and ORIL shall require compliance with the Settlement Agreement by all of its agencies, departments, officials, employees, and their respective assigns and successors.

5.     The Settlement Agreement of October 29, 2013 does not include the Puerto Rico Dairy

---

[1]     In *Ortiz-Bonilla*, *supra*, the Court held:

The jurisdictional question is determined from what appears on the plaintiff's claim, without reference to any other pleadings. *Templeton Bd. of Sewer Comm'rs v. Am. Tissue Mills of Mass., Inc.*, 352 F.3d 33, 37 (1st Cir.2003). There are two types of actions that may come within federal question jurisdiction. The first category "involves direct federal questions; that is, suits in which the plaintiff pleads a cause of action that has its roots in federal law (say, a claim premised on the United States Constitution or on a federal statute)." *R.I. Fishermen's Alliance, Inc. v. R.I. Department of Environmental Mgmt.*, 585 F.3d 42, 48 (1st Cir.2009). These cases, which constitute the "vast majority" of cases brought under the general federal question jurisdiction of the district courts, are those "in which federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Where a complaint "is so drawn as to seek recovery directly under the Constitution or laws of the United States," the federal court must entertain the suit. *Bell v. Hood*, 327 U.S. 678, 681(1946); *see also Ortiz De Arroyo v. Barcelo*, 765 F.2d 275, 279 (1st Cir.1985).

Farmers Association ("PRDFA"), hence, the PRDFA may proceed with their litigation filed under Civil No. 08-2191 (DRD).

The Court is of the opinion that the voluntary signatures of the well represented authorized agents of the Commonwealth of Puerto Rico, the Puerto Rico Department of Agriculture and ORIL, constitutes a pellucid waiver of the Eleventh Amendment, as all the parties clearly stated that "all such parties hereby waive and any defense that may have to the enforcement of this Agreement." *see* Docket No. 2322. *See also Watson v. Texas*, 261 F.3d 436 (5th Cir.2001); *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir.1999).

Based upon the *Order and Judgment* approving the Settlement Agreement of October 29, 2013, this case is now closed for statistical purposes as the Court will, however, retain jurisdiction for compliance purposes of all the covenants of the Settlement Agreement of October 29, 2013, or any other related matter and/or remedy related to the full compliance of the Settlement Agreement of October 29, 2013.

IT IS SO ORDERED, ADJUDGED AND DECREED.

In San Juan, Puerto Rico, this November 6, 2013.

s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
United States District Judge