UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**VAQUERÍA TRES MONJITAS, INC. ET AL.**

 *Plaintiffs*,

v.

**RAMIREZ ET AL.**,

 *Defendants*.

Civ. No. 04-01840 (MAJ)

## OPINION AND ORDER

**I. Background**

  The instant case was first filed in this Court on August 13, 2004. (**ECF 1**). Rather than attempt to summarize over twenty years of proceedings, the Court will recount only the facts essential to resolving the pending Motions to Dismiss at ECF 2555 and ECF 2558. For the reasons given below, the Report and Recommendation at ECF 2592 is **ADOPTED** in part and **DENIED** in part. Because the Court finds that it lacks jurisdiction, and the Motions to Dismiss are **GRANTED**, and the Motion for Contempt at ECF 2550 is **DENIED**.

  Suiza Dairy Inc. ("Suiza") and Vaquería Tres Monjitas, Inc. ("Vaquería"), both milk processors in Puerto Rico (together, "Plaintiffs"), originally brought this suit pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201, alleging that the then-existing regulatory scheme for setting milk prices, promulgated by the Puerto Rico Milk Industry Regulatory Administration (hereafter referred to by its Spanish acronym, "ORIL"), violated various clauses of the United States Constitution. (**ECF 1 at 2**). Industria Lechera de Puerto Rico, Inc. ("Indulac") was an intervenor in the case. (**ECF 95**). After over nine years of

litigation, Plaintiffs reached a Settlement Agreement with the Government of Puerto Rico and ORIL which was submitted to this Court on October 29, 2013 (the "Settlement Agreement"). (**ECF 2322**). On that date, this Court held a settlement conference, the transcript of which was filed the next day, October 30, 2013. (**ECF 2329**). The settlement conference was conducted by the Honorable Judge Daniel Domínguez, who had presided over the case since February 2005. (**ECF 79**).

On November 6, 2013, this Court issued an Order and Judgment closing the case. (**ECF 2347**). The following day, the Court issued an Amended Order and Judgment ("the Judgment") which corrected a typographical error but left the ruling of the Court and the relevant language unchanged. (**ECF 2351**). The Judgment "approve[d] and incorporate[d] all of the covenants of the Settlement Agreement." (**ECF 2351 at 1**). This Judgment included a provision retaining federal jurisdiction, which reads:

> The Court has original federal jurisdiction in a federal question civil action, pursuant to 28 U.S.C. § 1331, and retains jurisdiction for compliance purposes, as to the terms and conditions of the Settlement Agreement of October 29, 2013 to ensure properly and timely implementation. . . . The Court, hence, shall retain federal jurisdiction to enforce the Settlement Agreement until such time as the Commonwealth of Puerto Rico, the Puerto Rico Department of Agriculture and ORIL, as well as all the signatory parties have complied fully and effectively with the Settlement Agreement, and have *maintained compliance for no less than four consecutive years, that is, December 31, 2017*.

(**ECF 2351 at 1–2**). The case was closed for statistical purposes on November 6, 2013, at which point the Court "retain[ed] jurisdiction for compliance purposes of all the covenants of the Settlement Agreement . . . or any other related matter and/or remedy related to the full compliance of the Settlement Agreement[.]" (**ECF 2347 at 3**; *see also* accompanying docket entry); (**ECF 2351 at 3**) (Amended Judgement containing the same language).

On September 10, 2014, Suiza filed a Motion seeking to hold the then-Administrator of ORIL and Secretary of Agriculture in Contempt, alleging that the 2014 Price Order promulgated by ORIL represented a violation of the Judgment. (**ECF 2484**). This issue was quickly settled between the parties and the Motion for Contempt was set aside on a joint Motion filed on October 20, 2014. (**ECF 2503; 2505**). Separately, also on October 20, 2014, intervenor Indulac filed a Motion to Stay the Judgment in this case pending appeal. (**ECF 2502**). Indulac's appeal was dismissed on December 2, 2014 for lack of jurisdiction. (**ECF 2521**). On April 1, 2015, Judge Domínguez denied six motions on the contempt and stay issues as moot, which had previously been resolved but remained lingering on the docket. (**ECF 2532**). Aside from the filing of two attorney motions to withdraw and several transcripts of hearings that pre-dated the settlement agreement, there was no further docket activity in the case for over nine years. Then, on May 3, 2024, Suiza filed another Motion for Contempt, claiming again that Indulac and ORIL have violated the Judgment in this case. (**ECF 2550**).

On May 9, 2024, ORIL filed a Motion to Dismiss Suiza's Motion for Contempt, arguing that this Court's jurisdiction over the enforcement of the Settlement Agreement in this case expired on December 31, 2017. (**ECF 2555 at 3**). Intervenor Indulac filed a Motion to Dismiss on the same basis on May 14, 2024. (**ECF 2558**). Suiza opposed these Motions, (**ECF 2559**), and ORIL replied. (**ECF 2565**). These Motions were referred to the Honorable Magistrate Judge Lopez-Soler, who published a Report and Recommendation on February 10, 2025, recommending that this Court find that its jurisdiction has expired. (**ECF 2592**). Indulac filed a timely objection to the Report and Recommendation, agreeing with the conclusion that the Court lacks subject matter jurisdiction to hear the case, but asking the Court to reject any other determination or

finding about the facts of the case made by the Magistrate, due to lack of jurisdiction. (**ECF 2594**). Suiza also timely filed an objection to the Report and Recommendation, arguing that the Court still retains jurisdiction over the case. (**ECF 2593**). ORIL has responded to Suiza's objections. (**ECF 2596**). Suiza has also filed a motion objecting to the objections filed by Indulac. (**ECF 2595**).

Because Suiza has objected to the Report and Recommendation "in its entirety," (**ECF 2593 at 4**), this Court conducts a de novo review of the underlying Motions to Dismiss. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). After a careful review of the record, the Report and Recommendation is **ADOPTED** in part and **DENIED** in part. For the reasons set forth below, the Court declines to adopt the reasoning of the Magistrate, but affirms her conclusion that the jurisdiction of this Court has expired.[1] Thus, the Motions to Dismiss at ECF 2555 and ECF 2558 are **GRANTED** and the Motion for Contempt at ECF 2550 is **DENIED**. This Court no longer retains federal jurisdiction over any aspect of this case.

## II. Legal Standard

Federal courts are of limited jurisdiction and must have authority to decide a case. *Commonwealth School, Inc. v. Commonwealth Academy Holdings LLC*, 994 F.3d 77, 84 (1st Cir. 2021); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal courts do not have inherent jurisdiction to enforce a settlement agreement simply on account of having presided over a case. *See F.A.C., Inc. v. Cooperativa de Seguros de Vida de Puerto Rico*, 563 F.3d 1, 5 (1st Cir. 2009). A federal court may exercise ancillary

---

[1] In reaching this conclusion, the Court reviewed the pending Motion for Contempt, (**ECF 2550**), the Motions to Dismiss, (**ECF 2555, 2558**), the Report and Recommendation, (**ECF 2592**), and the objections thereto, (**ECF 2593, 2594**), along with all corresponding responses, replies, attachments, exhibits, and translations to any of the above, as well as the totality of the record.

jurisdiction to enforce a settlement agreement after the case has been dismissed if "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal — either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen*, 511 U.S. at 381–82; *see also Commonwealth School, Inc.*, 994 F.3d at 84. If a provision or judgment contains ambiguous language, Courts are "bound to defer to a reasonable interpretation of the judgment's meaning and effect elucidated by the judicial officer who authored it." *Witty v. Dukakis*, 3 F.3d 517, 520 (1st Cir. 1993).

### III. Discussion

Because the parties dispute what was intended by the provision in the 2013 Judgment retaining jurisdiction in this case, the issue before the Court is one of textual interpretation. In the Report and Recommendation, the Magistrate identified three possible interpretations of the provision at issue. First, as argued by ORIL and Indulac, that Judge Domínguez intended this Court to retain jurisdiction until December 31, 2017 — the only date which was written in the Judgement. (**ECF 2555; 2558**). The second option was that Judge Domínguez intended for this Court to retain jurisdiction indefinitely. The third option — the one selected by the Magistrate — is that the Court intended to retain jurisdiction "for four years of consecutive compliance with the terms of the [S]ettlement [A]greement." (**ECF 2592 at 7**). If read this way, the Court's jurisdiction would expire exactly four years from the date on which "full and effective compliance" with the terms of the Settlement Agreement was achieved by all parties – whenever that date happened to occur.

While the Court agrees that all are possible interpretations of the provision if read in a vacuum, the facts of this case and the terms of the Settlement Agreement make plain that ORIL and Indulac have the better reading. A careful review of Settlement Agreement makes clear that many of terms could not, by definition, be "fully and effectively" complied with prior to December 31, 2017. For example, by the express terms of the Settlement Agreement, "the total payout of the regulatory accrual coming out of the price of milk" was not scheduled to end until 2028. (**ECF 2322 at 4 ¶ 12**). Thus, the terms of the Settlement Agreement expressly contemplated that signatories would have obligations to make payouts until 2028. To read the Settlement Agreement as retaining jurisdiction for four years following the date that full compliance was achieved would mean that the very earliest date upon which jurisdiction could possibly have expired would be sometime in 2032 (four years following the final payout made in 2028). Yet if this was Judge Domínguez's intention, the Court can conceive of no possible logical explanation for the inclusion of a prior, more specific date, "that is, December 31, 2017." (**ECF 2351 at 2**).

Moreover, one of the major terms of the Settlement Agreement, and among the very terms which Suiza now seeks to enforce, was that ORIL must "enact and enforce Regulation 12," a draft of which was attached as an exhibit to the Settlement Agreement but had not yet been enacted. (**ECF 2322 at 2 ¶ 6**); (**ECF 2322-1**). The Regulation, once enacted, would require ORIL to convene a public hearing "every year" to analyze the financial conditions of the participants in the milk industry and set milk prices for the next year. (**ECF 2322-1 at 26**). In other words, because the Settlement Agreement expressly imposed ongoing yearly obligations on the signatories, with no end date, the

date of "full and effective" compliance with all of the terms of the Settlement Agreement will never come to pass.

The Court therefore finds that the Judgment cannot have been intended to retain jurisdiction for four years following the date that the terms of the Settlement Agreement had been "fully and effectively" complied with. Reading the Judgment as making expiration of jurisdiction contingent on a date that will never occur would be the same as finding that the Court intended to retain jurisdiction indefinitely.

Yet, the Court is confident that this was not Judge Domínguez's intention. As noted by the Magistrate, Judge Domínguez made clear on several occasions throughout the case that he did not intend to retain jurisdiction indefinitely. (**ECF 2592 at 8**) (citing **ECF 1665 at 7–9; 1178 at 4–5**) (comments from Judge Domínguez made in 2008 and 2009 that this Court "was not going to be running the milk industry," that he intended to "finish this for the well-being of the industry," and that "the Court does not want to keep this case open and open and open"). In its objections to the Report and Recommendation, Suiza objected to the relevance of these citations, arguing that "[s]tatements made in 2008 and 2009 . . . do not negate the Court's explicit assertion of jurisdiction in 2013, when it approved the Settlement Agreement[.]" (**ECF 2593 at 2**). Yet a review of the record reveals that these types of statements were *not* limited to 2008 or 2009, but were clearly expressed by the Judge and the parties at the settlement conference held on October 29, 2013. According to the transcript, the settlement conference was a joyful occasion, especially for Judge Domínguez, who was "extremely elated that this case is over." (**ECF 2329 at 11:5**). The source of his elation was clear and certain: "This I say to all, that this case is over[.]" *Id.* at 11:5–6. The Judge then further clarified that he was "very happy that the Court is not managing funds relating to fines being pressed, being imposed on the

parties, because the Court's job is not to administer money." *Id*. at 11:9–11. He repeated the statements made in 2008, referenced in the Report and Recommendation, that he had feared this litigation would become similar to the "prison litigation" which, "unfortunately, . . . is still being litigated, although I understand that they also have reached an agreement." *Id*. at 11:6–8. And, when the possibility was raised that Indulac, an intervenor, may want to continue litigating its rights and obligations under the Settlement Agreement and may someday seek to reopen the case, Judge Domínguez stated in no uncertain terms that, "No, this case is not going to be reopened." (**ECF 2329 at 21:12–20**).

It is nearly impossible to imagine that Judge Domínguez could have made these comments in 2013, had he intended to retain jurisdiction either indefinitely, or for a minimum of four years following an unknown possible future date of full compliance, which could not occur before 2028 and more likely would never occur. But even setting aside Judge Domínguez's extensive comments on this exact issue, the Court must give meaning to the language of the text. First, the language of the Judgment makes clear that the reason this Court retained jurisdiction of this case was to "ensure properly and timely implementation" of the terms of the Settlement Agreement — hardly a task that can or should go on forever. And, to read the provision in the Settlement Agreement as either retaining jurisdiction indefinitely, or as making the expiration of jurisdiction dependent on the passing of an unknown future date, would render meaningless the only definite date set out in the Agreement, "that is, December 31, 2017." Neither interpretation makes logical sense, and defying logic to impose jurisdiction now, over a decade after the Judgment, would clearly "strain the limits of federal court authority." *Brass Smith, LLC v. RPI Indus.*, 827 F. Supp. 2d 377, 382-83 (D.N.J. 2011) (discussing that, although the

court retained jurisdiction, the exercise of jurisdiction years after the issuance of the judgment strains courts' authority) (also citing with approval the holding in *Arata v. Nu Skin Intern. Inc.*, 96 F.3d 1265, 1269 (9th Cir. 1996), that the district court had discretion to terminate jurisdiction despite having explicitly retained jurisdiction).

Finally, the Court notes that Suiza has turned to other forums many times in the past decade to challenge the implementation of Regulation 12 and otherwise seek to vindicate its rights under the Settlement Agreement. Suiza admits that it has regularly engaged "not only in extra judicial discussions over compliance with the Judgment, but in administrative and judicial procedures in local government forums that have involved disputes over portions of said Judgment." (**ECF 2579 at 19**). Suiza has prevailed in at least four of these local court procedures, *id.*, and initiated a new state court proceeding against ORIL as recently as March 2024, which was voluntarily dismissed by Suiza. *See Suiza Dairy Corp. v. González Beiró*, SJ 2024-CV-02490. The Court views these actions as an implicit admission by Suiza that the federal courts no longer retain jurisdiction to enforce Suiza's rights in this case. If Suiza believes that ORIL and Indulac are in breach of their duties under Regulation 12, it may seek to vindicate its rights in a state action, as it has done in the past.

Though the language of the Judgment was ambiguous, in such circumstances it is the Court's obligation to "defer to a reasonable interpretation of the judgment's meaning and effect elucidated by the judicial officer who authored it." *Witty*, 3 F.3d at 520. Here, based on the facts presented above, after considering the entire twenty-year record in this case, and with special attention to the statements by Judge Domínguez which "elucidate" "the judgment's meaning and effect," the Court finds that the correct interpretation of the

provision at issue is that it was intended to retain jurisdiction until the date listed in the provision itself, that is, December 31, 2017.

## IV. Conclusion

Suiza has allowed over twenty years to pass since the initiation of this lawsuit; over eleven years to pass since the signing of the Settlement Agreement and closing of the case, and over nine years to pass without the filing of a single substantive entry on this docket. But enough is enough. For the reasons discussed above, the Court finds that its enforcement jurisdiction over the present case expired on December 31, 2017. The Motions to Dismiss for lack of jurisdiction filed at ECF 2555 and ECF 2558 are therefore **GRANTED**. Because Suiza has not alleged an independent basis for federal jurisdiction over their Motion for Contempt filed at ECF 2550, the same is **DENIED**. Because this Court has lacked subject matter jurisdiction in this case since 2018, Indulac's request at ECF 2594 to reject any factual determinations reached by the Magistrate in the Report and Recommendation published in February 2025 is also **GRANTED**.

In the words of the Honorable Judge Domínguez, as uttered over eleven years ago, "This I say to all, that this case is over." (**ECF 2329 at 11:5–6**).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 27th day of March, 2025.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**